FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

2010 SEP 21 PM 2: 25

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| Omar McCoy, | : | Case No. 1:10CV0210 |
| Petitioner | : | |
| | : | Judge Sara Lioi |
| v. | : | |
| | : | Magistrate Judge David S. Perelman |
| Margaret Bradshaw, Warden | : | |
| | : | **REPORT AND RECOMMENDED DECISION** |
| Respondent | : | |

In this pro se action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his October 22, 2007 conviction pursuant to a plea of no contest, with a subsequent finding of guilt, to one count of possession of cocaine, one count of possession of crack cocaine, one count of possession of marijuana, one count of possession of drug abuse paraphernalia, two counts of trafficking in cocaine (with forfeiture specifications), and one count of trafficking in marijuana, upon which he was sentenced to an aggregate term of nine years and thirty days incarceration, with five years of mandatory post-release control, a fine of $250, and forfeiture of $13,721 confiscated upon his arrest.[1]

On April 14, 2006 petitioner had filed a motion to suppress evidence seized consequent to

---

[1] Petitioner had originally also been charged with one count of having weapons while under a disability, but that count was nolled upon entry of his plea.

1

AO 72A
(Rev. 8/82)

his arrest. The trial court conducted a suppressing hearing, considered briefing submitted by the parties, and denied the motion to suppress, after which petitioner entered into a plea agreement which led to the entry of his no contest plea.

Petitioner appealed his conviction to the Ohio Ninth District Court of Appeals, alleging the following assignment of error:

> 1. The trial court erred in denying the Defendant's motion to suppress evidence. The entry into and search of the residence and the seizure of evidence violated the Defendant's right against unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Constitution of the State of Ohio.

On September 30, 2008 the appellate court affirmed the judgment of the trial court.

Petitioner appealed the appellate court ruling to the Ohio Supreme Court, alleging the following sole proposition of law:

> **Proposition of Law No. I:** A social guest has a reasonable expectation of privacy in a private residence after being invited to spend the night by the householder, even though the house is sparsely furnished and is found to contain drugs and guns.

On February 18, 2009 that court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

Prior to that decision, on October 29, 2008 the trial court entered a *Nunc Pro Tunc* entry to correct the original sentence entry to reflect that petitioner's sentences were to be served concurrently, as opposed to consecutively, which resulted in petitioner's aggregate sentence being reduced from nine to four years. Eight months later petitioner filed a motion for resentencing, which the trial court denied on August 11, 2009.

Petitioner appealed the denial of his motion for resentencing to the Ohio Ninth District

2

Court of Appeals, alleging the following assignment of error:

> 1. The trial court had no discretion in determining whether to vacate Omar McCoy's sentences for his trafficking in cocaine and marijuana conviction when Ohio law mandates post-release control sanctions on such convictions. In contravention to R.C. 2967.28, and in violation of the Fourteenth amendment to the U.S. Constitution.

On December 28, 2009 the appellate court dismissed the appeal consequent to petitioner's failure to follow procedural rules, but reinstated the appeal on February 8, 2010 after he corrected the procedural errors. However, on May 10, 2010 the court dismissed petitioner's appeal as having been untimely filed. Petitioner did not appeal the dismissal.

On January 21, 2010 petitioner filed the instant petition, in which he raises as the sole claim for relief:

> **A. GROUND ONE:** The conviction was obtained in violation of the Fourth Amendment when the authorities seized evidence in conjunction with his arrest.
>
> **Supporting FACTS:** The trial court violated the petitioner's Fourth Amendment right to unreasonable search and seizure; however, the trial court did dot [sic] allow the petitioner to suppress evidence illegally seized at the time of arrest.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).[2]

The respondent argues that the instant petition should be dismissed as petitioner's claims of Fourth Amendment violations were fully and fairly litigated in the state courts.

Full and fair litigation by the state courts of a Fourth Amendment claim based on alleged

---

[2] Respondent has not raised issues of untimeliness or procedural default in this case.

unconstitutional search and seizure precludes federal habeas corpus review of that claim. Kuhlmann v. Wilson, 477 U.S. 436 (1986); Stone v. Powell, 428 U.S. 465, 494 (1976). See also, Machacek v. Hofbauer, 213 F.3d 947, 952 (6th Cir. 2000), cert. denied, 531 U.S. 1089 (2001) ("Petitioner's Fourth Amendment claim is not reviewable."); McQueen v. Scroggy, 99 F.3d 1302, 1332 (6th Cir. 1996), cert. denied, 117 S.Ct. 2422 (1997) ("[I]t is well settled that McQueen is precluded from presenting a Fourth Amendment claim . . . in a habeas action."); Marsack v. Howes, 300 F.Supp.2d 483, 493 (E.Dist.Mich. 2004) ("[T]he limitation on review of Fourth Amendment claims imposed by the Supreme Court in *Stone v. Powell*,...precludes relief on the basis of that Amendment.").

In order for a Fourth Amendment claim to be fully and fairly litigated there must be a state procedural mechanism which provides the opportunity to raise the claim, and the actual presentation of the claim must not be impeded by a failure of such procedural mechanism. Riley v. Gray, 674 F.2d 522, 526 (6th Cir. 1982), cert. denied, 459 U.S. 948 (1982).

It has been held that the State of Ohio provides an adequate state procedural mechanism to raise a Fourth Amendment claim through Rule 12 of the Ohio Rules of Criminal Procedure, which provides for a pretrial motion to suppress, and then by providing the opportunity of a direct appeal of the ruling on motion to suppress. Riley v. Gray, supra at 526.

Petitioner made full use of the state procedural mechanisms available to present his claim of violation of his Fourth Amendment rights, and there is no evidence that presentation of his claims was impeded by the failure of such mechanism. Consequently, petitioner's sole claim for relief is without merit.

4

It is accordingly recommended that the petition be dismissed without further proceedings.

DAVID S. PERELMAN
United States Magistrate Judge

DATE: September 21, 2010

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

AO 72A
(Rev. 8/82)